KATTEN MUCHIN ROSENMAN LLP
Kristin L. Holland (SBN 187314)
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: 310.788.4400
Facsimile: 310.788.4471

Attorneys for Plaintiff WESTLB AG

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTLB AG, NEW YORK BRANCH, a German banking corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LANTANA MENDOCINO, LLC, a Delaware limited liability company<br><br>Defendant. | CASE NO. 08 0890 WRV<br><br>STIPULATION AND [PROPOSED] ORDER RE APPOINTMENT OF RECEIVER |

Plaintiff WestLB AG ("Plaintiff"), by and through its counsel of record, Kristin L. Holland of Katten Muchin Rosenman, LLP, and Defendant Lantana Mendocino, LLC ("Defendant"), hereby stipulate and agree as follows:

The parties stipulate to the appointment of Nicholas Clayton, President of Kor Hotel Group, as receiver, pursuant to Federal Rule of Civil Procedure 66, to take possession, custody and control of certain real property commonly known as "The Heritage House" in Mendocino, California (including all personal and other property arising from or related thereto, the "Property") with full powers of an equity receiver, including, but not limited to, full power over all of the Property, which includes, but is not limited to, all funds, assets, collateral, choices in action, books, records, papers and other property belonging to or in the possession of, or control of, Defendant, and

84332435v3

any Property in the possession of, or control of, any other person or entity, including, but not limited to, its agents, employees, subsidiaries, affiliates, and officers (i.e., David J. Wilk and Duane D. Werb), and that such receiver is immediately authorized, empowered and directed:

1. To have, oversee and control the Property and the business operations arising from and related to the Property, including, but not limited to, access to collect and take custody, control, possession, and charge of all funds, assets, collateral, choices in action, books, records, papers and other Property, with full power to sue, marshal, collect, receive and take into possession any such Property;

2. To conduct such investigation and discovery as may be necessary to locate and account for any of the Property and, after consultation with Plaintiff, to engage and employ attorneys, accountants, private investigators and other persons to assist in such investigation and discovery;

3. To take such action as is necessary and appropriate to preserve, sequester, and take control of and to prevent the dissipation, concealment, or disposition of any of the Property;

4. To open bank accounts in the name of the receiver and to deposit therein monies and funds collected and received;

5. After consultation with Plaintiff, to make such payments and disbursements from the funds and assets taken into custody, control, and possession or thereafter received by him;

6. After consultation with Plaintiff, to make such agreements as may be necessary and advisable in discharging his duties as receiver;

7. After consultation with Plaintiff, to employ servants, agents, employees, appraisers, clerks, accountants, consultants, attorneys and others to administer the receivership estate and protect and recover its assets as he deems necessary;

8. After consultation with Plaintiff, to retain a broker, investment banking firm and/or other professionals to market and sell the Property;

84332435v3

9. To take any and all steps necessary to receive, collect and review all mail delivered to "The Heritage House" in order to review such mail which he deems arises from or relates to the Property and the discharging of his duties as receiver. In order to discharge such duties, the receiver is authorized to instruct the U.S. Postmaster to re route, hold, and/or release all such mail to the receiver;

10. As compensation for his services, the receiver will be paid $1,000 per day during the term of the receivership. Such compensation and all other costs, fees and expenses of the receiver incurred in connection with the performance of his duties described herein, including the costs and expenses of those persons who may be engaged or employed by the receiver to assist him in carrying out his duties and obligations, shall be paid as operating costs of the Property from funds collected by the receiver. All applications for costs, fees and expenses for services rendered in connection with the receivership, other than routine and necessary business expenses in conducting the receivership, such as salaries, rent and any and all other reasonable operating expenses, shall be made by application to the Court setting forth in reasonable detail the nature of the services. To the extent the Property's operations do not generate funds sufficient to pay the receiver's compensation, Plaintiff will pay such compensation; and

11. Nothing herein shall in any way prevent or otherwise preclude Plaintiff from conducting that certain non-judicial foreclosure sale, which sale currently is scheduled for November 18, 2008.

84332435v3

1  Date: November 4, 2008

KATTEN MUCHIN ROSENMAN
Kristin L. Holland

By: /s/ Kristin L. Holland
Attorneys for Plaintiff WestLB AG

7  Date: November 4, 2008

LANTANA MENDOCINO, LLC
By: Heritage House Resort, Inc., its Manager

By: /s/ David J. Wilk
David J. Wilk, President

84332435v3

## ORDER

Based on the stipulation of the parties and for good cause shown herein;

IT IS HEREBY ORDERED that:

Nicholas Clayton, President of Kor Hotel Group, is appointed receiver, pursuant to Federal Rule of Civil Procedure 66, to take possession, custody and control of certain real property commonly known as "The Heritage House" in Mendocino, California (including all personal and other property arising from or related thereto, the "Property") with full powers of an equity receiver, including, but not limited to, full power over all of the Property, which includes, but is not limited to, all funds, assets, collateral, choices in action, books, records, papers and other property belonging to or in the possession of, or control of, Defendant, and any Property in the possession of, or control of, any other person or entity, including, but not limited to, its agents, employees, subsidiaries, affiliates, and officers (i.e., David J. Wilk and Duane D. Werb), and that such receiver is immediately authorized, empowered and directed:

1. To have, oversee and control the Property and the business operations arising from and related to the Property, including, but not limited to, access to collect and take custody, control, possession, and charge of all funds, assets, collateral, choices in action, books, records, papers and other Property, with full power to sue, marshal, collect, receive and take into possession any such Property;

2. To conduct such investigation and discovery as may be necessary to locate and account for any of the Property and, after consultation with Plaintiff, to engage and employ attorneys, accountants, private investigators and other persons to assist in such investigation and discovery;

3. To take such action as is necessary and appropriate to preserve, sequester, and take control of and to prevent the dissipation, concealment, or disposition of any of the Property;

4. To open bank accounts in the name of the receiver and to deposit therein monies and funds collected and received;

5. After consultation with Plaintiff, to make such payments and disbursements from the funds and assets taken into custody, control, and possession or thereafter received by him;

6. After consultation with Plaintiff, to make such agreements as may be necessary and advisable in discharging his duties as receiver;

7. After consultation with Plaintiff, to employ servants, agents, employees, appraisers, clerks, accountants, consultants, attorneys and others to administer the receivership estate and protect and recover its assets as he deems necessary;

8. After consultation with Plaintiff, to retain a broker, investment banking firm and/or other professionals to market and sell the Property;

9. To take any and all steps necessary to receive, collect and review all mail delivered to "The Heritage House" in order to review such mail which he deems arises from or relates to the Property and the discharging of his duties as receiver. In order to discharge such duties, the receiver is authorized to instruct the U.S. Postmaster to re route, hold, and/or release all such mail to the receiver;

10. As compensation for his services, the receiver will be paid $1,000 per day during the term of the receivership. Such compensation and all other costs, fees and expenses of the receiver incurred in connection with the performance of his duties described herein, including the costs and expenses of those persons who may be engaged or employed by the receiver to assist him in carrying out his duties and obligations, shall be paid as operating costs of the Property from funds collected by the receiver. All applications for costs, fees and expenses for services rendered in connection with the receivership, other than routine and necessary business expenses in conducting the receivership, such as salaries, rent and any and all other reasonable operating expenses, shall be made by application to the Court setting forth in reasonable detail the nature of the services. To the extent the Property's operations do

84332435v3

1 | not generate funds sufficient to pay the receiver's compensation, Plaintiff will pay
2 | such compensation; and
3 |         11.     Nothing herein shall in any way prevent or otherwise preclude Plaintiff
4 | from conducting that certain non-judicial foreclosure sale, which sale currently is
5 | scheduled for November 18, 2008.

Dated: November 5, 2008         By: 
                                Vaughn R.
                                Chief Judge

84332435v3